JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| E-HOSE TECHNOLOGIES, LLC, a California Limited Liability Company; and PhD MARKETING, Inc., a California Corporation,<br><br>                    Plaintiffs,<br><br>   v.<br><br>PRIMECO WHOLESALE, INC., a California Corporation; NOR KHALIL HADDAD, an individual; BOSS WHOLESALE CORPORATION; a New Jersey Corporation; J&L WHOLESALE DISTRIBUTORS, a Pennsylvania Corporation, and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO. CV 14-8600-R<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS BOSS WHOLESALE CORPORATION AND J&L WHOLESALE DISTRIBUTORS |

      Before the Court is Plaintiffs' Motion for Default Judgment against Defendants Boss Wholesale Corporation and J&L Wholesale Distributors, which was filed on June 16, 2015. This Court took the matter under submission on July 27, 2015.

Plaintiffs seek the entry of default judgment against Defendants J&L Wholesale Distributors and Boss Wholesale Corporation. Plaintiffs personally served Defendant J&L with copies of the Summons and First Amended Complaint on January 8, 2015, and personally served Defendant Boss with the same on January 26, 2015. Defendants did not appear in this action, did not respond to the complaint, and had a clerk's default entered against them on March 17, 2015.

A court has the discretion to enter a default judgment against one who is not an unrepresented infant or other incompetent person where the claim is for an amount that is not certain on the face of the claim and where (a) the defendant has been served with the claim; (b) the defendant's default has been entered for failure to appear; (c) if the defendant has appeared in the action, the defendant has been served with written notice of the application at least three days before the hearing on the application; (d) the court has undertaken any necessary or proper investigation or hearing in order to enter judgment or carry it into effect; and (e) Plaintiff has filed a written affidavit addressing the current military status of the defendant. Fed.R.Civ.P. 55(b)(2); *Alan Neuman Productions v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988).

While the power to grant or deny relief upon an application for default judgment is within the Court's sound discretion, a plaintiff is required to state a claim upon which he may recover in order to grant the motion for a default judgment. *Sony Music Entertainment v. Elias*, 2004 WL 141959 (C.D. Cal. Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987). On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072 (C.D. Cal. 2012).

Plaintiffs have complied with the procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1. This Court has considered the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) and concludes that these factors weigh in favor of granting the default judgment. The first of those factors is the sufficiency of the complaint. To assert a claim for trademark infringement, a plaintiff must show that a defendant commercially used plaintiff's registered trademark in connection with the sale or advertising of a good or service that

is likely to confuse or deceive customers. 15 U.S.C. § 1114(a); *Brookfield Communications v. West Coast Entertainment*, 174 F.3d 1036, 1046 (9th Cir. 1999). Plaintiffs' First Amended Complaint alleges at least two different claims of trademark infringement. Plaintiffs provide the licenses and serial numbers for each trademark, as well as the date upon which the licenses were issued. Overall, the allegations of Plaintiffs' First Amended Complaint, taken as true, are sufficient to state a claim for trademark infringement.

The second Eitel factor considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *Wecosign, Inc.*, 845 F. Supp. 2d at 1082. Default judgment is disfavored when a large amount of money is involved and is unreasonable in light of the potential loss caused by the defendant's actions. *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Plaintiffs request monetary damages of $1,000,000 for the infringement of two licensed trademarks, $23,600 in attorney's fees and costs, $114,300.88 in prejudgment interest, and a permanent injunction to inhibit Defaulting Defendants from further infringing upon Plaintiffs' trademarks. When balanced against Defendants' actions, this Court concludes that the amount sought is neither too large nor unreasonable. Given Defendants' failure to appear and defend, this Court finds that the damages and fees are needed. Accordingly, this factor weighs in favor of entry of default judgment.

The third factor considers the possibility of prejudice to the plaintiff. Defendants have failed to appear and defend this action. Absent entry of default judgment, Plaintiffs will be without recourse against Defendants, and risk continuing infringement of Plaintiffs' trademarked products. Therefore, this factor weighs in favor of the entry of default judgment.

The fourth factor considers the possibility of a dispute concerning material facts. Here, Plaintiffs have adequately alleged trademark infringement in their First Amended Complaint. Plaintiffs personally served both Defendants in this matter in January 2015. Since then, Defendants have failed to comply, failed to appear in this matter, and have therefore admitted all material facts alleged in Plaintiffs' pleading. Since Plaintiffs' factual allegations are presumed true and Defendants have failed to oppose the motion, no factual disputes exist that would preclude the entry of default judgment. This factor, therefore, favors the entry of default judgment

against Defendants.

The fifth factor is whether the default was due to excusable neglect. This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *Wecosign, Inc.,* 845 F. Supp. 2d at 1082. There is no indication that Defendants allowed the default to be taken as the result of excusable neglect. The record indicates that Defendants had adequate notice of this matter — both Defendants were properly served with the Summons and First Amended Complaint and the instant motion for default judgment. The Court finds it reasonable to infer that Defendants' default was not the product of excusable neglect. Accordingly, this factor weighs in favor of the entry of default judgment.

The final factor considers the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Although cases should be decided upon their merits whenever reasonably possible, Rule 55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and defend. *Wecosign, Inc*., 845 F. Supp. 2d at 1083. Notwithstanding the strong policy presumption in favor of a decision on the merits, Defendants' failure to answer Plaintiffs' First Amended Complaint makes a decision on the merits impractical. Since Defendants failed to appear and defend, this factor weights in favor of the entry of default judgment.

Having met the *Eitel* factors, Plaintiff is entitled to damages. Plaintiff has the burden of proving damages through testimony or written declaration or affidavit. Fed. R. Civ. Proc. 55(b)(2); *Lotenero v. Cripps*, 2012 U.S. Dist. LEXIS 19750 (E.D. Cal. Feb. 15, 2012). Rule 54(c) limits the relief that can be sought in a motion for entry of default judgment to that identified in the complaint. Fed. R. Civ. Proc. 54(c), *Vogel*, 992 F. Supp. 2d at 1013. Plaintiffs have submitted the Declaration of Jessica Covington, an attorney for Plaintiffs, who attests to the loss of revenue caused by Defendants. Plaintiffs seek statutory damages, attorneys' fees and costs, and injunctive relief.

Plaintiffs request $1,000,000 in statutory damages, or $500,000 per each counterfeit. The Trademark Act of 1946 provides that a plaintiff may receive an award of statutory damages up to

1  $2,000,000 per counterfeit mark per each type of good or service that a defendant willfully sells,
2  offers for sale, or distributes. 15 U.S.C. § 1117(c).
3        Plaintiffs submitted a declaration that provides affirmative evidence that Plaintiffs
4  personally served both Defendants with copies of the Summons and First Amended Complaint.
5  Covington Decl. at 3 ¶¶ 7-8. Plaintiffs also served both Defendants with copies of the Motion for
6  Default Judgment on June 12, 2015. *Id.* at 3 ¶ 14. Despite Plaintiffs' efforts to notify Defendants
7  in this matter, Defendants failed to reply to Plaintiffs' pleadings. Plaintiffs provide evidence of at
8  least two violations of the Trademark Act of 1946. *See id.* at 2-3 ¶¶ 4-6. Furthermore, Plaintiffs do
9  not seek an award of maximum damages under the act, but a reduced award to remedy their
10 injuries, as well as injunctive relief to permit Defendants to operate their respective businesses
11 legally. An award of $500,000 per violation is appropriate. This award does not appear to be so
12 high as to be unreasonable, particularly given the evidence of willful conduct on behalf of
13 Defendants. Accordingly, this Court awards Plaintiffs $1,000,000 in statutory damages.
14       Plaintiffs further request $23,600 in attorneys' fees.  Under Local Rule 55-3, when an
15 applicable statute provides for the recovery of reasonable attorneys' fees, fees are to be calculated
16 pursuant to the schedule set forth in the rule.  For a judgment over $100,000, the court is to award
17 attorneys' fees of $5,600 plus 2% of the amount over $100,000, exclusive of costs.  *See*, Local
18 Rule 55-3; *Vogel*, 992 F. Supp. 2d at 1016 (applying Rule 55-3 schedule to award fees in a default
19 judgment context).  Based on an entry of a $1,000,000 judgment under the Trademark Act of
20 1946, an award of $23,600 in fees under Rule 55-3 is appropriate.  Accordingly, this Court awards
21 $23,600 in attorneys' fees.
22       Plaintiffs also seek permanent injunctive relief restraining defendants from infringing, in
23 any manner, their licensed trademarks. The Trademark Act of 1946 gives courts the power to grant
24 injunctions to prevent the violation of a trademark holder's rights. 15 U.S.C. § 1116(a); *Pepsico,*
25 *Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). A plaintiff is not required to
26 satisfy the other prerequisites generally needed for injunctive relief when an injunction is sought to
27 prevent the violation of a federal statute, which specifically provides for injunctive relief. *Vogel*,
28 992 F. Supp. 2d at 1015 (quoting *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165 (9th

Cir. 2010)).

Plaintiffs served both Defendants in this matter with copies of the Summons, First Amended Complaint, and Motion for Default Judgment. Despite Defendants' adequate notice, Defendants have failed to appear or defend. Under these circumstances, there is the threat of continuing violation of Plaintiffs' licensed trademarks. Accordingly, Defendants are enjoined from infringing, in any matter, Plaintiffs' licensed trademarks.

Lastly, Plaintiffs seek prejudgment interest on their claims of trademark infringement, totaling $114,300.88. *See* 15 U.S.C. § 1117(b); *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, 2009 WL 160235, *5 (S.D. Cal. 2009). Plaintiffs request that this Court apply the 7% statutory rate applied in California courts. Cal. Const. Art. § 1; *see Pacific-Southern Mortg. Trust Co. v. Ins. Co. of N. Am.*, 166 Cal. App. 3d 703, 716 (1985). This Court finds that the 7% statutory interest rate applied in the California courts is inappropriate. Plaintiffs should calculate any prejudgment interest that this Court should grant using the federal short-term interest rate prescribed in Title 26 U.S.C. § 6621(a)(2). *See* 15 U.S.C. § 1117(b). Accordingly, this Court orders Plaintiffs to resubmit a request for prejudgment interest applying the appropriate federal interest rate.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is GRANTED against Defendants Boss Wholesale Corporation and J&L Wholesale Distributors for damages, attorney's fees, and injunctive relief. (Dkt. No. 36)

Dated: August 3, 2015

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE